UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMADA OIL & GAS, CO.,

       Plaintiff,

                                        Case No. 24-cv-12018

v.

EYM KING OF MICHIGAN, LLC;
EYM GROUP, INC.; EYM KING, L.P.;
EDUARDO DIAZ,

       Defendants.
_____

 SHEREEF H. AKEEL (P54345)
 DANIEL W. CERMAK (P84460)
 HAYDEN PENDERGRASS (P86888)
 Akeel & Valentine, PLC
 Attorneys for Plaintiff
 888 W. Big Beaver Rd., Ste. 350
 Troy, MI 48084-4736
 (248) 269-9595
 shereef@akeelvalentine.com
 daniel@akeelvalentine.com
 hayden@akeelvalentine.com

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, ARMADA OIL & GAS CO., by and through his undersigned counsel, AKEEL & VALENTINE, PLC, for this Complaint against the above-named Defendants, states as follows:

1

## INTRODUCTION

1.  Plaintiff Armada Oil & Gas Co. ("Armada") brings this action for money damages against for breach of a commercial lease, for failure of Defendant EYM King of Michigan, LLC ("EYM King of Michigan") to pay rent, its share of property taxes, and utilities bills under the terms of said lease.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action based upon 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

3.  This Court has personal jurisdiction over the named Defendants because they have systematic and continuous contacts with the state of Michigan, including through the transaction of business within the state of Michigan and the use of real property situated within the state of Michigan.

4.  Venue lies in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and real property that is the subject of this action is located in this district.

## THE PARTIES

5.  Plaintiff Armada is a Michigan corporation with its primary place of business in Wayne County, Michigan.

6. Defendant EYM King of Michigan is a Texas limited liability company with its principal place of business located in Texas. Upon information and belief, Defendant EYM King, L.P., is the sole member of EYM King of Michigan.

7. Defendant EYM King, L.P., is a Texas limited partnership with its principal place of business located in Texas. Upon information and belief, Defendant EYM Group, Inc., is the general partner of EYM King, L.P.

8. Defendant EYM Group, Inc. ("EYM Group"), is a Texas corporation with its principal place of business in Texas.

9. Defendant Eduardo Diaz, President of EYM Group and Manager of EYM King of Michigan, is a citizen and resident of Texas.

## FACTUAL ALLEGATIONS

10. On May 18, 2017, Defendant EYM King of Michigan, LLC ("EYM King of Michigan") executed a lease (the "Lease") with then-owner New Center Plaza, Inc. ("New Center Plaza"), to operate a Burger King franchise, Burger King#12421, within the building located at 13300 Woodward Avenue, Highland Park, Michigan (the "Leased Premises"). [**Ex. A** – Lease]

11. Under Section 2 of the Lease, the initial term of the Lease was five years with Tenant having the option to extend the Lease for three additional successive terms of five years. [*See id.*].

3

12. Under Section 3 of the Lease, Tenant agreed to pay Annual Rent of $48,000 per Lease Year in monthly installments of $4,000 due on the first day of each calendar month. [*See id.*].

13. Under Section 4 and 6 of the Lease, Tenant agreed to pay 40% of Real Estate Taxes as Additional Rent. [*See id.*].

14. Under Section 7 of the Lease, Tenant agreed to pay for all utilities consumed on the Leased Premises. [*See id.*].

15. Under Section 19 of the Lease, the following occurrences, as relevant here, constitute an Event of Default:

> a. Tenant's failure to pay Annual Rent and/or Additional Rent seven days after written notice from Landlord that payment is due; or
>
> b. Tenant's violation of, failure to comply with, or default in the performance of any provision of the Lease 30 days after written notice from Landlord, unless such violation, noncompliance, or default cannot be reasonably cured within the 30-day period and Tenant has commenced and is diligently pursuing such cure within the 30-day period.

[*See id.*].

16. Under Section 19 of the Lease, upon occurrence of an Event of Default, Landlord may reenter the Leased Premises, and, after such reentry, Landlord may either terminate the Lease by giving a Termination Notice or, without terminating the Lease, relet the Leased Premises. [*See id.*].

17. The Lease contains no provision providing for the Tenant's unilateral termination of the Lease for any reason.

18. Under Section 27 of the Lease, the Lease shall be construed and enforced in accordance with the laws of the state of Michigan. [*See id*.].

19. On November 8, 2019, New Center Plaza sold and conveyed the real property at 13300 Woodward to Armada, and Armada was assigned and assumed all leases at 13300 Woodward, including the Lease. [**Ex. B** – Assignment & Assumption of Leases].

20. In 2020, during the COVID-19 pandemic, EYM King of Michigan began failing to make payments of rent, its share of property taxes, and utilities bills. Armada agreed to reduced payments, in light of the pandemic, until 2022.

21. For year 2020, EYM King of Michigan failed to pay its share of Winter property taxes and failed to remit $14,500 in rent to Armada.

22. On September 17, 2021, Salvador Elias, Director of EYM King of Michigan and Director of Legal Services for EYM Group, informed Armada via letter that EYM King of Michigan agreed to extend the Lease for one additional five-year period, through May 17, 2027. [**Ex. C** – Lease Extension Letter].

23. For year 2021, EYM King of Michigan failed to pay its share of Summer and Winter property taxes and failed to pay for a utility bill issued in November 2021.

24. For year 2022, EYM King of Michigan failed to pay its share of Summer and Winter property taxes and failed to pay for utility bills issued in May, June, August, September, October, November, and December of 2022.

25. On February 14, 2023, Burger King Company LLC ("BKC") filed suit against Defendants EYM King of Michigan, EYM King, L.P., and Diaz in the U.S. District Court for the Southern District of Florida (Case No. 1:23-CV-20592). On March 13, 2023, BKC filed an amended complaint.

26. On March 22, 2023, Elias submitted a notice letter to the Michigan Department of Labor and Economic Opportunity ("LEO") stating that EYM King of Michigan would permanently cease operations of 26 Burker King franchise locations in Michigan, including Burger King #12421, citing "the unforeseen business circumstance by not being able to reach a resolution with Burger King Corporation." [**Ex. D** – LEO Notice Letter].

27. On March 24, 2023, LEO confirmed receipt of EYM King of Michigan's March 22 letter. [**Ex. E** – LEO Confirmation Letter].

28. On March 31, 2023, Elias informed Armada via notice letter that EYM King of Michigan had permanently ceased operations effective March 22 and that EYM King of Michigan was turning over possession of the Leased Premises to Armada. [**Ex. F** – Cessation Notice Letter].

6

29. On April 26, 2023, BKC filed a second amended complaint, seeking *inter alia* an injunction, trebled money damages, and punitive damages for trademark infringement, unfair competition, breach of franchise agreements, and breach of franchise agreements, leases, and guarantees. [**Ex. G** – BKC Second Amended Complaint].

30. On October 11, 2023, BKC, Defendants EYM King of Michigan, EYM King, L.P., and Diaz informed the Southern District of Florida that they had reached a settlement with BKC. [**Ex. H** – Settlement Notification].

31. During 2023, EYM King of Michigan failed to pay its share of Summer and Winter property taxes; failed to pay for utility bills issued in January, February, March, and April 2023; and failed to remit $44,000 in rent to Armada.

32. On June 17, 2024, Armada, through counsel, sent via email and certified mail a notice of noncompliance, pursuant to Section 19 of the Lease, to Elias and EYM King of Michigan. [**Ex. I** – Noncompliance Letter].

33. That same day, Elias responded via email, stating that "effective March 31, 2023" EYM King of Michigan "permanently ceased operations and the company has no assets." [**Ex. J** – Response Email].

34. Defendant EYM King of Michigan has failed to make any rent payments or pay its share of property taxes in 2024.

35. To date, EYM King of Michigan has repeatedly failed to make rent payments to Armada, totaling **$90,500**. Specifically, EYM King of Michigan failed to remit rent as follows: $14,500 in 2020; $44,000 in 2023; and $32,000 in 2024 so far. Under the terms of the Lease, such unpaid rent is subject to a 3% annual interest rate.

36. To date, EYM King of Michigan has failed to make payment for its share of property taxes, totaling **$53,522.56**. Specifically, EYM King of Michigan failed to pay its share of property taxes as follows:

| EYM King of Michigan's Unpaid Share of Property Taxes ||
|---|---|
| Winter 2020 | $2,883.96 |
| Summer 2021 | $11,790.89 |
| Winter 2021 | $1,979.40 |
| Summer 2022 | $10,855.48 |
| Winter 2022 | $2,096.99 |
| Summer 2023 | $10,999.18 |
| Winter 2023 | $1,931.50 |
| Summer 2024 | $10,985.16 |

37. To date, EYM King of Michigan has repeatedly failed to make payments for water utilities, totaling **$2,807.49**. Specifically, EYM King of Michigan failed to pay the following water utility bills:

| EYM King of Michigan's Unpaid Water Utility Bills ||
|---|---|
| November 2021 | $228.38 |
| May 2022 | $236.83 |
| June 2022 | $236.83 |
| August 2022 | $229.27 |
| September 2022 | $240.74 |
| October 2022 | $233.09 |

| November 2022 | $236.92 |
| December 2022 | $256.04 |
| January 2023 | $240.74 |
| February 2023 | $275.16 |
| March 2023 | $271.33 |
| April 2023 | $122.16 |

38. Since the June 17 noncompliance letter, EYM King of Michigan has failed to pay the above rent, share of property taxes, and/or cost of utilities to Armada.

39. Armada has made good faith efforts to relet the Leased Premises.

40. To date, despite Armada's good faith efforts, the Leased Premises have not been relet to another tenant.

## DEFENDANTS' LIABILITY

41. Upon information and belief, EYM King, L.P., as the sole member of EYM King of Michigan, and/or Diaz, as Manager of EYM King of Michigan, are liable to Armada under EYM King of Michigan's company agreement for EYM King of Michigan's breach of the Lease. *See* Tex. Bus. Orgs. Code Ann. § 101.114.

42. To the extent EYM King, L.P., is liable to Armada for EYM King of Michigan's breach of the Lease, EYM Group is liable as the general partner of EYM King, L.P. *See* Tex. Bus. Orgs. Code Ann. §§ 152.304, 153.152.

43. To the extent that EYM King of Michigan is/was in the process of or has completed winding down, EYM King of Michigan is/was required to apply and distribute its property to discharge, or make adequate provision for the discharge of,

9

its liabilities and obligations, including its liabilities and/or obligations to Armada. *See* Tex. Bus. Orgs. Code Ann. § 11.053; *see also* Mich. Comp. Laws § 450.808(1)(a).

44. Alternatively, EYM King, L.P., and/or EYM Group are liable as successors to EYM King of Michigan, because, upon information and belief, (1) EYM King, L.P., and/or EYM Group, as the recipient(s) of EYM King of Michigan's assets, expressly and/or implicitly assumed EYM King of Michigan's liability to Armada; (2) the transfer of EYM King of Michigan's assets amounted to a consolidation or merger of EYM King of Michigan into EYM King, L.P. and/or EYM Group; (3) the transfer of EYM King of Michigan's assets was without consideration and was made without provision for EYM King of Michigan's creditors, including Armada; or (4) EYM Group is a mere continuation of EYM King of Michigan. *See Lakeview Commons v. Empower Yourself*, 290 Mich. App. 503, 507 (2010).

45. Alternatively, EYM King, L.P., and/or EYM Group are liable for EYM King of Michigan's breach of the Lease, as (1) EYM King of Michigan is a mere instrumentality of EYM King L.P. and/or EYM Group; (2) EYM King of Michigan was used to commit a wrong, namely the breach of the Lease; and (3) Armada suffered an unjust injury or loss in the form of unpaid rent, property taxes, and/or utility bills. *See Lakeview Commons*, 290 Mich. App. at 510.

10

## COUNT ONE

### Breach of Commercial Lease
### Against Defendants

46.  Plaintiff incorporates by reference paragraphs 1 to 45, as if fully set forth herein.

47.  The Lease is a valid, enforceable contract, under which Armada is the Landlord, as rightful titleholder of the Leased Premises and the assignee of New Center Plaza, and EYM King of Michigan is the Tenant.

48.  EYM King of Michigan breached the Lease for its failure to remit rent, its share of property taxes, and/or utility bills.

49.  The Lease contains no provision for EYM King of Michigan to unilaterally terminate the Lease, and EYM King of Michigan's "decision to vacate or abandon the premises does not in and of itself exonerate the tenant." *Jefferson Dev. Co. v. Heritage Cleaners*, 311 N.W.2d 426, 428 (Mich. 1981).

50.  Armada has suffered substantial damages, namely unpaid rent, unpaid property taxes, and unpaid utility bills, as a direct and proximate result of EYM King of Michigan's breaches of the Lease.

51.  Upon information and belief, and at relative times herein, Defendants share one or more of the same employees and or business assets.

52.  Defendants were aware of the existing obligations.

53. Texas-based affiliated Defendants have succeeded in business or to the assets of Defendant EYM King of Michigan without paying fair consideration.

54. All Defendants are liable to Plaintiff.

### **RELIEF REQUESTED FOR INDIVIDUAL CLAIMS**

55. Plaintiff requests that this Court issue the following relief:

   a. An order entering judgment in favor of Plaintiff against Defendants;

   b. An award judgment against the Defendants for unpaid rent (plus 3% annual interest), property taxes, and utilities bills;

   c. An order granting reasonable attorneys' fees and costs, as this Court deems appropriate; and

   d. Any other relief this Court deems proper and just.

Respectfully submitted,

AKEEL & VALENTINE, PLC

*/s/Shereef H. Akeel*
Shereef H. Akeel (P54345)
Daniel W. Cermak (P84460)
Hayden Pendergrass (P86888)
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
daniel@akeelvalentine.com
hayden@akeelvalentine.com

DATED: August 2, 2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMADA OIL & GAS, CO.,

    Plaintiff,

v.

                                            Case No. 24-cv-12018

EYM KING OF MICHIGAN, LLC;
EYM GROUP, INC.; EYM KING, L.P.;
EDUARDO DIAZ,

    Defendants.
_____

SHEREEF H. AKEEL (P54345)
DANIEL W. CERMAK (P84460)
HAYDEN PENDERGRASS (P86888)
Akeel & Valentine, PLC
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 350
Troy, MI 48084-4736
(248) 269-9595
shereef@akeelvalentine.com
daniel@akeelvalentine.com
hayden@akeelvalentine.com

## JURY DEMAND

NOW COMES Plaintiff, ARMADA OIL & GAS CO., by and through his undersigned counsel, AKEEL & VALENTINE, PLC, and hereby demands a Trial by Jury of the above-referenced cause of action.

        Respectfully submitted,

        AKEEL & VALENTINE, PLC

        */s/Shereef H. Akeel*
        Shereef H. Akeel (P54345)
        Daniel W. Cermak (P84460)
        Hayden Pendergrass (P86888)
        Attorneys for Plaintiff
        888 W. Big Beaver Rd., Ste. 350
        Troy, MI 48084
        (248) 269-9595
        shereef@akeelvalentine.com
        daniel@akeelvalentine.com
        hayden@akeelvalentine.com

DATED: August 2, 2024